UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JUSTIN BERGERON,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 5:24-cv-01656-RDP |
| } | |
| **FRANK BISIGNANO, Commissioner of** } | |
| **Social Security,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OF DECISION [1]

On July 27, 2022, Plaintiff Justin Bergeron filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging disability beginning December 1, 2014. (Tr. 249-55, 268). In both applications, Plaintiff alleged disability due to depression, anxiety, suicidal ideation, and substance dependence. (Tr. 17, 80, 294). Plaintiff's date last insured was March 31, 2017. (Tr. 256). Plaintiff's applications were denied initially and on reconsideration. (Tr. 133-70).

Plaintiff filed a request for an administrative hearing and, on April 4, 2024, a hearing was held before Administrative Law Judge Therese Hardiman ("the ALJ"). (Tr. 44-71). Following the hearing, the ALJ issued an Unfavorable Decision, dated June 21, 2024. (Tr. 14-36). On October 9, 2024, the Appeals Council denied Plaintiff's request for administrative review of the ALJ's decision. (Tr. 1). On December 2, 2024, Plaintiff initiated this action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c). (Docs. # 1; 16 at 3).

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court is **DIRECTED** to **SUBSTITUTE** Frank Bisignano as Defendant in this case.

On appeal, Plaintiff raises one very narrow issue: "Whether the ALJ failed to properly evaluate the medical opinion evidence in accordance with 20 C.F.R. §§ 404.1520c, 416.920c and the law of this Circuit." (Doc. # 16 at 7). More specifically, Plaintiff argues that the ALJ applied the wrong articulation requirements in evaluating his medical opinions. (*Id*. at 8-9). The court disagrees.

After careful review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.     Legal Framework**

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as activity that is both "substantial" and "gainful." *Id.* § 1572. "Substantial" work activity is work that involves doing significant physical or mental activities. *Id.* § 404.1572(a). "Gainful" work activity is work that is done for pay or profit. *Id.* § 404.1572(b). If the ALJ finds that the claimant engages in activity that meets both of this criteria, then the claimant cannot claim disability. *Id.* § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. *Id.* § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See id.* §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. *Id.* § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. *Id.* § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with his RFC, age, education, and work experience. *Id.* § 404.1520(g). At that point, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given his RFC, age, education, and work experience. *Id.* §§ 404.1520(g), 404.1560(c).

## II.     The ALJ's Decision

Plaintiff was 21 years old on his alleged onset date and 30 years old when the ALJ rendered her decision. (Tr. 34-35). He has a high school education and past relevant work as a combat rifle crewmember. (Tr. 33-34, 80, 295).

In issuing her decision, the ALJ applied this five step test. (Tr. 17-35). At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the time period from his alleged onset date through the expiration of his date last insured. (Tr. 20). At the second step, the ALJ made two findings: (1) the ALJ found Plaintiff had no severe impairments from his alleged onset date of December 1, 2014 through the expiration of the date last insured of March 31, 2017; and (2) that Plaintiff had the severe impairments of schizoaffective disorder, major depressive

disorder, and generalized anxiety disorder and he had these severe impairments during the time period from his application date of July 27, 2022 through the date of the decision on June 21, 2024. (Tr. 20-25). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 25-27).

Before turning to the fourth step, the ALJ determined Plaintiff's RFC and found Plaintiff could perform work at all exertional levels except that he:

> is limited to unskilled work activity, as defined in the Dictionary of Occupational Titles (DOT), that is simple, routine and repetitive tasks and low stress, defined as only occasional decision-making required and only occasional changes in the work setting. [Plaintiff] should have no interaction with the public, but he is capable of occasional interaction with coworkers and supervisors.

(Tr. 27-33). At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 33-34). However, with the assistance of a vocational expert's testimony, the ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy. (Tr. 34-35). Therefore, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from his alleged onset date through the date of the ALJ's decision. (Tr. 35-36).

The ALJ reviewed the following prior administrative medical findings: (1) the July 2023 and December 2023 opinions of State agency medical consultants Louis Bonita, M.D., and John Bertolino, M.D. (Tr. 32); (2) the January 2023 consultative mental evaluation by Jennifer Betts, PsyD. (*Id.*); and (3) the July 2023 and September 2023 opinions of State agency psychological consultants Karen Plowman, Psy.D., and Lisa Cannon, Psy.D. (Tr. 33). Plaintiff argues that she incorrectly evaluated the consistency and supportability of these opinions. (Doc. # 16 at 9-13).

To begin, there is no dispute that, in her Decision, the ALJ *identified* the wrong articulation standard. The Opinion states:

4

> In assessing any medical opinion, the undersigned *may, but is not required to, explain how the following factors were considered: supportability, consistency*, relationship with the claimant, specialization, and other factors, including but not limited to, evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements (20 C.F.R. 404.1520c(c)(5) and 416.920c(c)(5)).

(Tr. 32) (emphasis added). Nevertheless, the ALJ went on to *apply* the correct standard and explained her assessment about the supportability and consistency of each of the opinions of Drs. Bonita, Bertolino, Betts, Plowman, and Cannon. (Tr. 32-33).

Regarding Drs. Bonita and Bertolino, the ALJ explained that she found their opinions persuasive. As a basis for that finding, the ALJ noted that their opinions "are *consistent* with each other, and they cite specific exam findings [] as a basis for their opinions [and they] are *supported* by physical exams that revealed [Plaintiff]'s gait was intact, his motor strength was normal, and his coordination was normal." (Tr. 32) (emphasis added).

Regarding Dr. Betts, the ALJ found her opinion to be unpersuasive. As a basis for that finding, the ALJ reasoned that "Dr. Betts' opinion is not wholly *consistent* with Drs. Plowman's and Cannon's opinions (addressed below) that [Plaintiff]'s mental impairments cause no more than moderate limitations" and that "Dr. Betts' opined limitations are not *supported* by her own examination of the [Plaintiff]." (Tr. 33) (emphasis added).

Regarding Drs. Plowman and Cannon, the ALJ explained that she found their opinions persuasive. As a basis for that finding, the ALJ considered that their "opinions are *consistent* with each other, and they cite findings throughout the records on which they based their opinions, including results of a consultative psychological exam performed in January 2023." (Tr. 33) (emphasis added). She further explained that their "opinions are *supported* by mental status exams that revealed [Plaintiff]'s memory skills were generally intact, his attention and concentration ranged from fair to intact, while his thought process was linear and organized, and his mood ranged

from depressed, anxious, and irritable to euthymic, but he appeared cooperative." (*Id.*) (emphasis added).

### III.    Standard of Review

A limited scope of judicial review applies to the Commissioner's decision to deny benefits. The only issues that may be considered by this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See Id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**IV.      Plaintiff's Argument for Remand or Reversal and Discussion**

Plaintiff makes one argument in support of reversal. He argues that the ALJ applied the incorrect legal standard because "the Regulations lay out specific 'articulation requirements' which plainly state that the ALJ 'will explain' how she evaluated the factors of supportability and consistency, and 'may, but [is] not required to' explain how she considered the remaining factors." (Doc. # 16 at 9) (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)).

As discussed above, although the ALJ *articulated* the incorrect articulation requirements, the record makes clear that she properly evaluated the supportability and consistency of the prior administrative medical findings and medical opinions under the revised regulatory scheme.

Pursuant to the revised regulations applicable to claims filed on or after March 27, 2017, an ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.92. Under the revised regulatory scheme, the ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Because supportability and consistency are the "most important" factors, the ALJ must articulate how these factors were considered for a medical source's opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). An ALJ is not required to articulate how the remaining factors were considered. (*Id*.).

Consideration of the supportability factor requires an ALJ to analyze whether the objective medical evidence and supporting explanations from the medical source supports the medical opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (defining the supportability factor). Proper

7

consideration of the consistency factor requires an ALJ to compare the medical opinion to evidence from other medical sources as well as the nonmedical evidence of record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (defining the consistency factor). Despite articulating the wrong standard in her decision, the ALJ properly applied the correct standard and explained the supportability and consistency of each of the opinions of Drs. Bonita, Bertolino, Betts, Plowman, and Cannon. (Tr. 32-33). Thus, the ALJ's decision actually applied the proper legal standards.

Plaintiff disagrees and argues that the ALJ's determinations as to supportability and consistency are incorrect. (Docs. # 16 at 10-13; 22 at 4-9). However, the court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citation and internal quotation marks omitted). Plaintiff has not argued that the ALJ's decision is not supported by substantial evidence. (Docs. # 16, 22). Perhaps that is because they are. Here, the ALJ applied the correct legal standard and there is no issue as to whether that decision is supported by substantial evidence. The ALJ's decision is due to be affirmed.

**V.      Conclusion**

Applying the requisite limited scope of judicial review that applies here to the ALJ's decision, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this Memorandum of Decision will be entered.

**DONE** and **ORDERED** this January 26, 2026.

_____
**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE